UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HELOISA DE OLIVEIRA,

                Plaintiff,

        -against-                          26-cv-1146 (LAK)

SWIFT PAN-AMERICAS, INC., et ano.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __5/5/2026__ |

**MEMORANDUM AND ORDER DENYING
MOTION TO DISMISS THE COMPLAINT**

LEWIS A. KAPLAN, *District Judge.*

        This is an employment discrimination action against plaintiff's immediate former employer, defendant SWIFT Pan-Americas, Inc. ("Pan-Americas"), and Pan-Americas' corporate parent, defendant S.W.I.F.T. SC ("SWIFT"). Plaintiff seeks relief against SWIFT, in addition to Pan-Americas, on the theories that SWIFT and Pan-Americas jointly employed her and in any case that the two entities were an integrated enterprise. SWIFT seeks dismissal of the complaint as to it on the ground that plaintiff has failed to allege sufficiently any claim against it. The nub of the dispute lies in the parties' different views of whether plaintiff has alleged facts that, if accepted as true, would lead to the reasonable inference that SWIFT also was plaintiff's employer.

        Plaintiff contends that her "employment was managed through a unified [SWIFT] enterprise structure that exercised centralized control over her reporting lines, role definition, relocation, immigration sponsorship, compensation, performance management, discipline, and

termination.*"[1]* Without identifying which corporate entity hired her, she alleges that she was hired by "the SWIFT cooperative society and group of businesses" in Brazil in July 2017,[2] that she worked across SWIFT offices in Latin America and the United States for a couple of years,[3] and that she transferred to Pan-Americas' New York office in May 2019.[4] Plaintiff alleges further that SWIFT tracked her tenure and decided her pay, immigration sponsorship, advancement, discipline, and termination – all decisions that she claims were discriminatory – as part of her "continuous employment relationship" with SWIFT's "united management and human-resources structure," which, according to her, "were not confined to any single corporate entity or geographic office."[5] That, in her view, is sufficient.

SWIFT, on the other hand, characterizes plaintiff's theory of liability as amounting to nothing more than an improper attempt to impute a subsidiary's actions to its parent entity by virtue of their corporate relationship. SWIFT points out that:

> "'[T]he existence of a parent-subsidiary relationship is insufficient on its own to support a finding that the two entities are a single or joint employer for purposes of Title VII.' Absent allegations of 'meaningful participation by [the parent] in [the

---

[1] Opp'n (Dkt 21) at 1.

[2] Compl. (Dkt 5) ¶ 18.

[3] *Id.* ¶¶ 27-30.

[4] *Id.* ¶ 31.

[5] *Id.* ¶¶ 19-20, 32; *see id.* ¶ 51 ("[W]hen [plaintiff] transferred to the United States . . . she continued performing the same core professional functions for the same global business under SWIFT's centralized management, evaluation, and compensation system.").

subsidiary's] employment and labor decisions,' a parent's ownership interest alone cannot support employer liability."[6]

Plaintiff, SWIFT argues, has failed to allege facts – as distinct from conclusions – that, if true, would permit a finding that SWIFT meaningfully participated in Pan-Americas' relevant employment and labor decisions with respect to plaintiff.

This dispute evokes something akin to a debate concerning the number of angels that could dance on the head of a pin. Plaintiff calls her allegations factual while SWIFT labels them unsubstantiated conclusions. On balance, the Court tends to the view that SWIFT has the better of the argument. But the Court sees little value in dismissing the complaint against SWIFT at this very early stage on a point of pleading on which others might disagree, the facts are not clearly established, and plaintiff is entitled to all reasonable inferences. The issue of SWIFT's potential responsibility for any discrimination by its subsidiary – if in the last analysis that ultimately matters to the parties from a practical point of view – will be addressed more suitably on a motion by SWIFT for summary judgment where plaintiff is likely to bear the burden of presenting admissible evidence of facts in order to avoid dismissal as to SWIFT.[7]

---

[6] Mot. Dismiss (Dkt 14) at 5 (quoting *Juhua Han v. Kuni's Corp.*, No. 19-cv-6265, 2020 WL 2614726, at *12 (S.D.N.Y. May 22, 2020)) (second and third alterations in original) (citation omitted).

[7] *See Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) ("Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss."); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341-42 (2d Cir. 2000) (affirming denial of summary judgment because genuine issue of material fact remained regarding centralized control of labor relations).

4

Accordingly, SWIFT's motion to dismiss the complaint (Dkt 12) is denied.[8]

SO ORDERED.

Dated:        May 5, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[8]     Because SWIFT incorporates by reference Pan-Americas' motion to dismiss the intentional and negligent infliction of emotional distress claims, the Court reserves decision as to SWIFT's motion to dismiss those claims on the grounds Pan-Americas advances.