UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HELOISA DE OLIVEIRA,

                      Plaintiff,

                 -against-                           26-cv-1146 (LAK)

SWIFT PAN-AMERICAS, INC., et ano.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS THE COMPLAINT**

LEWIS A. KAPLAN, *District Judge.*

       This is an employment discrimination action against plaintiff's immediate former employer, defendant SWIFT Pan-Americas, Inc. ("Pan-Americas"), and Pan-Americas' corporate parent, defendant S.W.I.F.T. SC ("SWIFT"). It now is before the Court on Pan-America's motion to dismiss (a) as time-barred some of the disparate-treatment allegations in Count I of the complaint, and (b) as failing to state a claim Count XII of the complaint, which purports to allege claims for negligent and intentional infliction of emotional distress. As was true of SWIFT's previous motion to dismiss the complaint as to it, this motion at least in part attempts to elevate what are at best minor and ultimately premature pleading points into matters of substance appropriately dealt with at the very outset of the case.

2

### *Discussion*

Pan-Americas first argues that the Court should excise several disparate-treatment allegations in plaintiff's Title VII claim for national origin, race and ethnicity, and sex discrimination because, in Pan-Americas' view, they involve discrete acts that occurred more than 300 days before plaintiff filed her complaint with the Equal Employment Opportunity Commission ("EEOC"). Pan-Americas next argues that plaintiff's allegations of negligent and intentional infliction of emotional distress are insufficient under New York law. The Court addresses each point in turn.

*The Limitations Argument*

The parties seem to agree more or less that (a) specific adverse employment actions as to which a plaintiff seeks discrete relief on a disparate-treatment basis are time-barred unless they occurred less than 300 days prior to the plaintiff's filing of an EEOC action,[1] (b) such acts at least sometimes may be characterized and treated as incidents in a continuing course of discriminatory conduct,[2] and (c) in any case, evidence of such acts, even where specific disparate-treatment remedies for them are time-barred, still may be admissible as evidence of a longer course of inappropriate treatment.[3]

---

[1] *See* 42 U.S.C. § 2000e-5(e)(1); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996).

[2] *See Patterson v. Cnty. of Onieda, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004).

[3] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

3

In these circumstances, the Court fails to see any useful purpose of attempting – now, at the outset of the litigation and long before all the evidence has come out – to shape a shrub that has not even begun to sprout into a complex and beautiful topiary sculpture. Regardless of how the landscape ultimately will look, the point remains that the parties agree that plaintiff has pleaded a legally sufficient claim for discrimination under Title VII based at least in part on acts that occurred within the statute of limitations. There will be time enough to decide exactly what, if anything, is time-barred when the matter has proceeded further. That part of Pan-Americas' motion therefore is denied.

*The Emotional Distress Claims*

Plaintiff's claims for intentional and negligent infliction of emotional distress, on the other hand, simply are insufficient on the basis of the alleged facts, largely for the reasons set forth in Pan-Americas' memorandum. Notwithstanding the illegality and abhorrent nature of invidious discrimination in employment, it takes a great deal more than plaintiff has alleged to make out a claim of intentional or negligent infliction of emotional distress,[4] especially in the employment context[5] and "when the conduct and injuries alleged give rise to a statutory claim for workplace discrimination."[6]

---

[4] *See Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 122 (1993); *Gay v. Carlson*, 60 F.3d 83, 89 (2d Cir. 1995).

[5] *See, e.g.*, *Silberstein v. Advance Mag. Publishers, Inc.*, 988 F. Supp. 391, 392-94 (S.D.N.Y. 1997) (LAK).

[6] *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 159 (2d Cir. 2014).

4

### *Conclusion*

For the foregoing reasons, Pan-Americas' motion to dismiss parts of the complaint against it (Dkt 15) is granted to the extent that Count XII is dismissed.[7] It is otherwise denied.

SO ORDERED.

Dated:         May 6, 2026

Lewis A. Kaplan
United States District Judge

---

[7] SWIFT moved to dismiss Count XII as to it on the same grounds as did Pan-Americas, and the Court reserved decision on that part of SWIFT's motion, which the Court otherwise denied. Accordingly, Count XII now is dismissed as to SWIFT too.